IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH BARTELLI,                    :
                                   :
        Plaintiff,                 :
                                   :
        v.                         :        CIVIL ACTION NO. 3:CV-04-0907
                                   :        (JUDGE KOSIK)
"TRADESMAN" FEDAK,                 :
                                   :
        Defendant.                 :

---

**MEMORANDUM**

Before this court is, "Plaintiff's Brief In Support Of 60 (B) Motion," filed on March 13, 2006. (Doc. 107). For the reasons that follow, we will dismiss the plaintiff's motion, enter judgment in favor of the defendant, and close this case.

**FACTUAL HISTORY**

On April 26, 2004, the plaintiff filed this 42 U.S.C. § 1983 action against the present defendant and Michael Greigo, both of whom were staff members at the State Correctional Institution at Dallas, Pennsylvania (SCI Dallas). In his complaint, the plaintiff claims that "Tradesman" Fedak issued a "false and fabricated" misconduct report against the plaintiff (hereinafter "Bartelli" or "Plaintiff") on August 12, 2003, in retaliation for Bartelli's filing a formal grievance against defendant Fedak earlier in the day. (Doc. 1). The matter was assigned to United States Magistrate Judge Thomas M. Blewitt, who preliminarily screened the complaint pursuant to 28 U.S.C. § 1915(e)(2), and authored a Report and Recommendation on June 2, 2004. (Doc. 7). The Magistrate Judge suggested dismissing the claims against defendant, Michael Greigo. Magistrate Judge Blewitt determined that Bartelli failed to assert a cognizable § 1983 claim against Greigo.

(Doc. 7).  On June 23, 2004, we adopted the Report and Recommendation of Magistrate Judge Blewitt and dismissed Bartelli's claims against Greigo.  (Doc. 8).

The remaining defendant filed a motion for summary judgment on August 26, 2005.  (Doc. 72).  Both parties eventually briefed the motion.  (Docs. 77, 78, 79, 93 and 94).  In his brief in support of the motion for summary judgment, the defendant argued that Bartelli failed to exhaust his administrative remedies and failed to present facts sufficient to make out a claim for retaliation.  (Doc. 78).  In support of the motion, counsel for the defendant submitted two affidavits.  (Doc. 79).  In one affidavit, Fedak, a painting instructor at SCI-Dallas, asserts that he filed a misconduct against Bartelli after he overheard the latter tell another inmate that he was going to "bust [defendant] in the head" with an orange.  (Doc. 79, Ex. B, ¶ 5).  The defendant additionally asserts that at the time he issued the misconduct, he was unaware that Bartelli had filed a grievance against him.  *Id.* The second affidavit is signed by Sharon Burks, Chief Grievance Officer of the Pennsylvania Department of Corrections.  Ms. Burks avers that there are no records evidencing that Bartelli ever filed a grievance concerning the claims raised in this suit   (Doc. 79, Ex. A).

On October 5, 2005, Bartelli filed a notice of change of address indicating that he had been transferred from SCI Dallas to SCI Huntingdon.  (Doc. 83). Bartelli filed another document on October 5, 2005, alleging that staff at both SCI Huntingdon and SCI Dallas interfered with his legal mail, and requesting an extension of time, until roughly October 8, 2005, to respond to the defendant's

motion and to file objections to the various Report and Recommendations entered in his numerous 42 U.S.C. § 1983 lawsuits before this court. Neither the change of address, nor the document alleging interference with Plaintiff's mail referenced any case by name or provided any docket numbers.[1]

Bartelli filed his own motion for summary judgment on December 6, 2005. (Doc. 95). Both parties briefed Bartelli's motion. (Docs. 96, 97, 99, and 101). Magistrate Judge Blewitt issued a Report and Recommendation on January 18, 2006, suggesting that we grant the defendant's motion for summary judgment, deny Bartelli's motion, and enter judgment in favor of the defendant. (Doc. 102). Specifically, the Magistrate Judge determined that: (1) Bartelli failed to exhaust the administrative remedies available to challenge the August 14, 2003, misconduct report; and, (2) Bartelli failed to establish a cause of action for retaliation as he never filed a grievance complaint against the defendant and because the defendant filed the misconduct report against Bartelli for unrelated, legitimate reasons.

---

[1]
      The October 5, 2005 letter was also docketed in several other cases in which Bartelli is a plaintiff. *See e.g., Bartelli v. Jones*, 04-CV-0906, Doc. 69. Bartelli filed over a dozen 42 U.S.C. § 1983 actions asserting claims of retaliation against guards and officials at SCI Dallas. (03-CV-0234, 04-CV-0052, 04-CV-899 through 910, 04-CV-1285). On July 26, 2005, we adopted a Report and Recommendation issued by Magistrate Judge Blewitt dismissing another 42 U.S.C. § 1983 retaliation action filed by Bartelli. We dismissed the case pursuant to 28 U.S.C. § 1915(g), also known as the "three strikes" rule, as Bartelli had filed three prior civil rights actions in this court that warranted dismissal for failure to state a claim. *See Bartelli v. Beard, et al.* 05-CV-1285. Bartelli appears to take pride in his prolific filings. He even included "litigation" among his "Activities in Prison" noted on a now removed personal page posted on a prisoner dating web site. *See* <http://www.meet-an-inmate.com/male/keith-1681.htm>.

On March 13, 2006, the plaintiff filed a document entitled "Plaintiff's Brief In Support Of 60 (B) Motion." (Doc.107).   On March 15, 2006, Bartelli filed affidavits signed by two other prisoners that Bartelli contends support his claims of governmental interference. (Doc. 106).  We will construe the March 13 and 15, 2006, filings together as objections to Magistrate Judge Blewitt's January 18, 2006, Report and Recommendation.[2]

## STANDARD OF REVIEW

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made.  28 U.S.C. §636(b)(1);   *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. §636(b)(1);  Local Rule 72.3.  Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  *United States*

---

[2]

"Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.  They may do so in order to avoid an unnecessary dismissal . . ., to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Castro v. U.S.*, 540 U.S. 375, 381-82 (2003) (*internal citations omitted*).   The appropriate procedure to challenge a Report and Recommendation of the Magistrate Judge is through objections filed with the district court.  A rule 60(b) motion seeking relief from judgment on the basis of fraud, mistake, newly discovered evidence, etc., is inapplicable because a Report and Recommendation does not enter judgment.  Given Bartelli's status as an incarcerated pro se litigant, and in accordance with the above policy of liberal construction, we will treat the plaintiff's filings as objections to the Report and Recommendation.

*v. Raddatz*, 447 U.S. 667, 676 (1980).  Local Rule 72.3 requires that a party file objections to a Report and Recommendation of a Magistrate Judge within ten (10) days of being served with a copy of the Report and Recommendation.

**DISCUSSION**

### A.  OBJECTIONS UNTIMELY

Pursuant to Local Rule 72.3, Bartelli had ten days from January 18, 2006, to file objections with the court.  Plaintiff did not file Objections within the time allotted by the Local Rules.  Rather, Bartelli waited eight weeks before filing what we have construed as objections on March 15, 2006.  As noted in footnote one above, Bartelli is an experienced pro se litigant who has prosecuted over a dozen § 1983 lawsuits in this court.  He cannot claim ignorance of Local Rule 72.3 as several of his prior cases were dismissed subsequent to Plaintiff's failure to file objections within ten days of the Report and Recommendation.  *See e.g., Bartelli v. Bleich et al.*, 04-CV-0899, Doc. 77 (dismissing plaintiff's objections to report and recommendation as out of time); *Bartelli v. Galabinski*, 04-CV-0900, Docs. 66 and 70 (discussing plaintiff's failure to file objections within time allotted by Local Rule 72.3);and *Bartelli v. Nagy and Jones*, 04-CV-0910 (same).   Given Plaintiff's experience before this court and the numerous opinions drafted by us appraising Bartelli of Local Rule 72.3's time constraints, we see no reason to overlook the excessive tardiness of the Plaintiff's objections.

Bartelli's transfer to SCI Huntingdon and the alleged destruction of his legal papers and mail do not excuse his failure to file objections within the time provided by the Local Rules.  Plaintiff's transfer from SCI Dallas to SCI Huntingdon was

completed months before Magistrate Judge Blewitt filed the January 18, 2006, Report and Recommendation, and all court documents were mailed to his present place of confinement following Bartelli's notification of the transfer on October 5, 2005. Plaintiff's allegations that prison staff interfered with his mail and destroyed records similarly fail to offer justification for the late objections. Plaintiff does not allege that the claimed obstruction involved mail and filings related to the Report and Recommendation of January 18, 2006. Rather, the affidavits of two inmates submitted by Bartelli allege that prison staff at SCI Dallas took legal papers from Bartelli's cell on April 21, 2005. (Doc. 106, Ex. A and B). Neither Bartelli, nor the two inmates who submitted affidavits, make any assertions that prison staff destroyed documents or inhibited Plaintiff's ability to receive or send mail after the Magistrate Judge entered his Report and Recommendation on January 18, 2006. Accordingly, neither the transfer to SCI Huntingdon, nor the alleged destruction of records excuses Plaintiff's failure to file Objections to the Report and Recommendation within the ten (10) days provided by Local Rule 72.3.

## B.    OBJECTIONS WITHOUT MERIT

Were this court to disregard the late filing, we would nonetheless deny Bartelli's objections and enter judgment in the defendant's favor. We agree with the Magistrate Judge that Bartelli failed to exhaust the administrative remedies available to him through the Pennsylvania Department of Corrections. If we were to additionally overlook that procedural failing, we would nonetheless grant judgment in Fedak's favor as Bartelli cannot establish all requisite elements of a § 1983 retaliation claim.

6

### 1.    Failure To Exhaust Administrative Remedies

Prior to initiating a § 1983 suit, a prisoner plaintiff is required to exhaust the administrative remedies available to him.  42 U.S.C. § 1997(e) provides as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Supreme Court has made clear that prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitation on the kind of relief that may be gained through a grievance process. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"); *see also Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  The Third Circuit concluded that "it is beyond the power of this court . . . to excuse compliance with the exhaustion requirement."  *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000).  However,  "a prisoner's civil rights case may be heard on the merits notwithstanding the failure to file a DC-ADM 804 grievance under certain limited circumstances."  *Harris v. Armstrong*, 149 Fed. Appx. 58, 59-60 (3d Cir. 2005) (*citing Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000) (exhaustion requirement met where Office of Professional Responsibility fully examined merits of excessive force claim and correctional officers may have impeded filing of grievance); *Brown v. Croak*, 312 F.3d 109, 110 (3d Cir. 2002) (assuming that prisoner with failure to protect claim is entitled to rely on instruction by prison

officials to wait for outcome of internal security investigation before filing grievance); and *Cf. Ray v. Kertes*, 285 F.3d 287, 297-98 (3d Cir. 2002) (declining to decide whether prisoner may satisfy exhaustion requirement in course of proceedings charging prisoner with misconduct under DC-ADM 801)).

The Pennsylvania Department of Corrections provides inmates with a grievance regime for the formal adjudication of prisoner complaints. "The prison grievance procedure, known as DC-ADM 804, provides a three-part review: first, the prisoner must file a grievance within fifteen days with the grievance coordinator; second, the prisoner may appeal to the facility manager within five days of receipt of the initial review; third, the prisoner may appeal to the Central Office Review Committee." *Jacobs v. Pa. Dep't of Corr.*, 148 Fed. Appx. 107, 109 (3d Cir. 2005).

In support of his motion for summary judgment, the defendant submitted the affidavit of Sharon Burks, Chief Grievance Officer of the Pennsylvania Department of Corrections. Ms. Burks affidavit asserts that there are no records evidencing that Bartelli ever filed a grievance concerning the claims raised in this action. (Doc. 79, Ex. A). In his response brief to the defendant's motion, Plaintiff merely argued that he produced "documented evidence that shows that plaintiff has exhausted administrative remedies and that he has experience [sic] government interference and hindrance in the litigation of this matter." (Doc. 94). In the document that we have construed as objections to the Report and Recommendation, Bartelli essentially argues that he tried to file a grievance complaint against the defendant prior to receiving the misconduct, but that the

8

grievance was not processed.  (Doc. 107).  Bartelli contends that he submitted additional grievance forms after he was transferred to disciplinary housing subsequent to being issued the misconduct.  (Doc. 107, ¶ 5).  Plaintiff asserts that despite further inquiries, his grievances were never addressed.  Finally, Bartelli complains that staff at SCI-Dallas destroyed and/or stole Plaintiff's legal documents twice in a period of six months, in November of 2003 and on April 21, 2004.  (Doc. 107, ¶s 13 and 19).  Plaintiff's evidentiary support for the claims of prison staff interference is limited to the affidavits of two fellow inmates who claim to have witnessed Bartelli's cell and legal papers being searched by prison staff on April 21, 2005.  (Doc. 106).

Reviewing the evidence in favor of the Plaintiff, the Magistrate Judge determined that Plaintiff failed to exhaust the administrative remedies available through DC-ADM 804.  We agree.  This court has served as the venue for over a dozen lawsuits filed by Bartelli against various officials at SCI-Dallas.  Most of those cases involved claims for retaliation.  Plaintiff is familiar with the grievance process and savvy enough to document all filings.  In this instance, however, there is no evidence that Plaintiff filed a grievance against Fedak on August 12, 2003, or that he filed a grievance to challenge the allegedly retaliatory misconduct issued by Fedak.  Rather, the defendant submitted evidence, in the form of an affidavit of Sharon Burks, Chief Grievance Officer, that Bartelli filed no grievances regarding the claim at issue here.  Accordingly, the present claim is barred by the exhaustion requirements of the Prison Litigation Reform Act 42 U.S.C. § 1997(e).

Plaintiff's case does not warrant an exception to the exhaustion requirement

9

as set forth in *Harris v. Armstrong*.   Bartelli failed to offer any proof that Department of Corrections precluded him from filing a grievance to challenge the alleged retaliatory conduct by defendant Fedak.   We find Bartelli's assertions regarding a government conspiracy and destruction of legal documents incredible. Those assertions are not aided by the two prisoner affidavits alleging a cell raid on April 21, 2005, a date distinct from that asserted by Bartelli as the day his cell was searched, April 21, 2004.  (Docs. 106 and 107).  Bartelli has offered no evidence, aside from his own allegations, of governmental interference with his ability to pursue a grievance against the defendant.   Moreover, he has not established a motive to explain why the Department of Corrections would impede any grievances on this issue after receiving and processing countless others from Plaintiff. Accordingly, if Plaintiff had filed his objections within the time allotted by Local Rule 72.3, we would nonetheless enter judgment in the defendant's favor as Plaintiff failed to exhaust the administrative remedies available at SCI-Dallas.

## 2.    Plaintiff Cannot Establish § 1983 Claim

The Third Circuit set forth the analysis to be applied in prisoner retaliation claims in *Rauser v. Horn*, 241 F.3d 330 (3d Cir. 2001).  "As a threshold matter, a prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected."  *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).  "Next, a prisoner litigating a retaliation claim must show that he suffered some 'adverse action' at the hands of the prison officials."  *Id*.  Finally, a plaintiff asserting a  First Amendment retaliation case must show a causal link between the exercise of a protected activity and the alleged retaliatory action.  *Id.*

In the final step, the plaintiff bears the initial burden of proving that his constitutionally protected conduct was "a substantial or motivating factor" in the decision to discipline him. *Id.* (citing *Mount Healthy Bd. of Ed. v. Doyle*, 429 U.S. 274, 287 (1977)).   The burden then shifts to the defendant to prove by a preponderance of the evidence that he would have taken the same disciplinary action even in the absence of the protected activity. *Id.* at 334.   "[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Id.* When analyzing a retaliation claim pursuant to the above, the courts are mindful that the work performed by prison administrators and staff is difficult, and that we "should afford deference to decisions made by prison officials, who possess the necessary expertise." *Id.*

In this instance, the defendant argued that Bartelli failed to establish the final step in the *Rauser* analysis.   In his motion for summary judgment, the defendant asserted that there was no nexus between Plaintiff's availing himself of his constitutionally protected right to file a grievance and the defendant's decision to issue a misconduct.   Defendant filed an affidavit in which he contends that he did not know Bartelli had filed or intended to file a complaint against the defendant at the time defendant issued the misconduct.   The affidavit further asserts that the defendant filed the misconduct against Bartelli after he overheard the latter tell another inmate that he was going to "bust [defendant] in the head" with an orange.

(Doc. 79, Ex. B, ¶ 5). The Magistrate Judge agreed with the defendant, finding that Bartelli failed to demonstrate a relationship between the grievance and the misconduct.

As we noted above, there is no evidence that Plaintiff filed a grievance against the defendant prior to the defendant's issuing a misconduct against Plaintiff. It logically follows that the defendant could not have issued the misconduct in retaliation for a grievance that was never filed. However, even if we construe Plaintiff's complaint to assert that the defendant issued the misconduct in retaliation for Plaintiff's threat to file a grievance, the third element in the *Rauser* analysis would still be left unsatisfied as all of the evidence suggests that the defendant issued the misconduct for another valid reason.

Plaintiff offers no evidence to suggest that the defendant was aware that Plaintiff intended to file a grievance against him. In his "Declaration in Support of Plaintiff's Motion for Summary Judgment," Bartelli admits making the threat in presence of the defendant, but contends that the threat, "doesn't implicitly indicate a fact that [Bartelli] was talking directly to [defendant] or about [defendant] . . .." (Doc. 86, ¶ 10). Accordingly, Bartelli acknowledges the occurrence of the event that the defendant claims provoked the issuance of a misconduct. All of the facts presented at summary judgment suggest that the defendant issued the August 12, 2003, misconduct after Plaintiff threatened to hit him with an orange, a statement all parties agree Plaintiff made, and not in retaliation for a grievance that Plaintiff never filed. Plaintiff cannot establish the third element of a retaliation claim. He did not meet his burden of proving that his constitutionally protected conduct was

12

"a substantial or motivating factor" in the decision to discipline him.  *See Rauser*, 241 F.3d at 333.  Judgment will be entered in favor of the defendant.

## **CONCLUSION**

Bartelli's objections to Magistrate Judge Blewitt's Report and Recommendation are dismissed as untimely under Local Rule 72.3.  Even if we were to overlook the tardiness of Bartelli's objections, we would nonetheless enter judgment in the defendant's favor as Plaintiff failed to exhaust the administrative remedies available to him through the Pennsylvania Department of Corrections.  Moreover, Plaintiff's retaliation claim cannot survive the defendant's motion for summary judgment as all evidence supports that Plaintiff's grievance, or his threat to file a grievance, did not incite the defendant to issue the allegedly retaliatory misconduct.  As we will grant the defendant's motion for summary judgment and enter judgment in the defendant's favor, Plaintiff's own motion is moot.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH BARTELLI,                          :
                                         :
        Plaintiff,                       :
                                         :
                v.                       :       CIVIL ACTION NO. 3:CV-04-0907
                                         :       (JUDGE KOSIK)
"TRADESMAN" FEDAK,                       :
                                         :
        Defendant.                       :

## ORDER

AND NOW, this 13th day of APRIL, 2006, IT IS HEREBY ORDERED THAT:

[1] "Plaintiff's Brief In Support Of 60(B) Motion," (Doc.107) construed as objections to the Report and Recommendation, is **dismissed**;

[2] the Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated January 18, 2006, (Doc. 102) is **adopted**;

[3] the defendant's motion for summary judgment (Doc. 72) is granted;

[4] the plaintiff's counter motion for summary judgment (Doc. 95) is denied;

[5] judgment is entered in favor of defendant, "Tradesman" Fedak, and against the plaintiff, Keith Bartelli, on all claims; and,

[6] the Clerk of Court is directed to close this case, and forward a copy of this Memorandum and Order to the Magistrate Judge.

_____        s/Edwin M. Kosik
                                 United States District Judge