IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH BARTELLI, :
:
   Plaintiff, :
:
v. : CIVIL ACTION NO. 3:CV-04-0907
: (JUDGE KOSIK)
"TRADESMAN" FEDAK, :
:
   Defendant. :

## MEMORANDUM

Before this court is the plaintiff's "Objection to Memorandum," filed on May 3, 2006. (Doc. 109). We will construe it as a motion for reconsideration of our April 13, 2006, order adopting Magistrate Judge Blewitt's Report and Recommendation. (Doc. 108). For the reasons that follow, we will deny the plaintiff's motion and let stand our April 13, 2006, order entering judgment in favor of the remaining defendant.

## FACTUAL HISTORY

The factual history of this case was set forth at length in this court's April 13, 2006, memorandum. Accordingly, we will not restate the entire history herein. The details relevant to the this memorandum follow. On April 26, 2004, the plaintiff filed this 42 U.S.C. § 1983 action against the "tradesman" Fedak and Michael Greigo, both of whom were staff members at the State Correctional Institution at Dallas, Pennsylvania (SCI Dallas). In his complaint, the plaintiff claims that "Tradesman" Fedak issued a "false and fabricated" misconduct report against the plaintiff on August 12, 2003, in retaliation for Bartelli's filing a formal grievance against defendant Fedak earlier in the day. (Doc. 1). The claims

against defendant, Greigo, were dismissed upon initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). At the completion of discovery, both the plaintiff and defendant Fedak filed motions for summary judgment. Magistrate Judge Blewitt filled a Report and Recommendation suggesting that we grant the defendant's motion and deny the plaintiff's. Plaintiff filed objections eight weeks after Magistrate Judge Blewitt filed his Report and Recommendation.

In our April 13, 2006, memorandum and order, we dismissed Mr. Bartelli's objections to Magistrate Judge Blewitt's Report and Recommendation as untimely under Local Rule 72.3. We further explained that had we overlooked the tardiness of Bartelli's objections, we would have entered judgment in the defendant's favor as the plaintiff failed to exhaust the administrative remedies available to him through the Pennsylvania Department of Corrections. This court additionally determined that the plaintiff's retaliation claim could not survive the defendant's motion for summary judgment as all evidence supported that the plaintiff's grievance, or his threat to file a grievance, did not incite the defendant to issue the allegedly retaliatory misconduct.

Bartelli's present motion restates the same allegations of misconduct on the part of the defendant and recycles claims that the Department of Corrections destroyed his legal files. The plaintiff provides no new evidence in support of his Section 1983 claim. He cites no new precedent in support of those claims.

**<u>DISCUSSION</u>**

A motion for reconsideration is a device of limited utility. It may be used only to correct manifest errors of law or fact, or to present newly discovered

2

precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). It has also been held that a motion for reconsideration is appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 27 (M.D. Pa. 1995), *vacated in part on other grounds*, 915 F. Supp. 712 (M.D. Pa. 1996). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). Middle District Local Rule 7.10 requires that motions for reconsideration be filed within ten (10) days after the entry of the order at issue.

In this case, the plaintiff cites no recent precedent that would compel this court to revisit the April 13, 2006, order. The plaintiff fails to offer any newly discovered evidence that, if discovered previously, may have affected our decision. Bartelli has not shown that this court made any manifest errors of law or fact. He merely restates the arguments found in the myriad of briefs, motions, and objections that constitute a large number of the 109 documents on the docket. Nothing in the plaintiff's motion convinces this court to reconsider the conclusions made in our April 13, 2006, order. *See Harsco Corp.*, 779 F.2d 906 (holding motion for reconsideration used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which might have affected the court's prior decision). We will not disturb the April 13, 2006, order adopting the

Magistrate Judge's Report and Recommendation and entering judgment in favor of the defendant.[1]

**CONCLUSION**

We will dismiss the plaintiff"s "Objection to Memorandum" (Doc. 109). The plaintiff's motion, construed as one for reconsideration, failed to demonstrate that this court made a manifest error of law or fact.  The plaintiff further neglected to present any newly discovered precedent or evidence that might have altered our prior decision.  Accordingly, we will not disturb our order of April 13, 2006.

---

[1] Despite the fact that the plaintiff's objections to the Report and Recommendations were dismissed as untimely, he has once again failed to abide by the time constraints set fort in the Local Rules. Bartelli failed to file his motion for reconsideration within ten days of this court's April 13, 2006, order.  Rather, Bartelli signed his motion April 26, 2006.  Accordingly, the motion for reconsideration could also be dismissed as untimely under  Local Rule 7.10.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH BARTELLI, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 3:CV-04-0907 |
| | : | (JUDGE KOSIK) |
| "TRADESMAN" FEDAK, | : | |
| Defendant. | : | |

## **ORDER**

AND NOW, this 5th day of May, 2006, IT IS HEREBY ORDERED THAT:

[1] the plaintiff's "Objection to Memorandum" (Doc. 109), construed by this court as a motion for reconsideration, is **denied**; and,

[2] the order dated April 13, 2006 (Doc. 108), adopting Magistrate Judge Blewitt's Report and Recommendation, entering judgment in the remaining defendant's favor, and closing the case, will stand.

                                                s/Edwin M. Kosik
                                                United States District Judge